IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CHRISTINA A. WILLIAIMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:10-CV-167(WLS) |
| | : | |
| MICHAEL J. ASTRUE, *Commissioner of Social Security*, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed January 24, 2012. (Doc. 19). It is recommended that the Social Security Commissioner's final decision denying *pro se* Plaintiff's application for disability benefits be affirmed. (Doc. 19 at 1, 5). Plaintiff timely filed an Objection to the Recommendation (Doc. 20), in which she requests reversal and remand.

**DISCUSSION**

I.   **Standard of Review for Social Security Appeals**

"[T]he federal courts' 'review of the [ALJ's] decision is limited to an inquiry into whether there is substantial evidence to support [its] findings . . . and whether the correct legal standards were applied.'" Powell v. Astrue, 250 Fed. App'x 960, 962 (11th Cir. 2007) (quoting Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002)). This is a "highly deferential standard of review." Id. at 963. The Court is forbidden from reweighing the evidence or substituting its judgment for that of the ALJ. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). "Even if the evidence preponderates against the Commissioner's findings, [the court]

must affirm if the decision reached is supported by substantial evidence." Crawford v. Comm'r, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.

"[T]he ALJ's failure [to specifically address evidence] only constitutes reversible error if it created an evidentiary gap that caused unfairness or clear prejudice." Caldwell v. Barnhart, 261 Fed. App'x 188, 190 (11th Cir. 2008) (citing Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995)); *see also* Dyer, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995)) "[T]he ALJ's decision [simply] . . . [can]not [be] a broad rejection[,] which is 'not enough to enable this Court to conclude that the ALJ considered [the claimant's] medical conditions as a whole.'"). Having established the applicable standard of review of Plaintiff's social security appeal, the Court turns to its discussion of Plaintiff's objection on which she bases her request for the Court's reversal of the Commissioner's decision and remand to the Commissioner.

## II.   Plaintiff's Objection

Plaintiff is appealing the denial of social security benefits based on a finding that Plaintiff did not have a disability as defined by the Social Security Act by an Administrative Law Judge ("ALJ"). (Doc. 19 at 2; Doc. 20 at 1). The ALJ found that Plaintiff suffered from several impairments, but the impairments alone or in combination did not meet the standards entitling Plaintiff to Social Security benefits under the Social Security Act. (Doc. 19 at 2). Plaintiff's Objection disagrees with the standard used by the ALJ and requests that the ALJ grant her disability benefits in light of her combined impairments. (Doc. 20 at 1).

The Court finds that the ALJ did not err in her consideration of the Plaintiff's impediments, alone or in combination. While the ALJ has a duty to consider impairments in

combination, the ALJ can satisfy that duty by "stating that he considered whether the claimant suffered from any impairment or combination of impairments." Jones v. Dep't of Health and Human Serv., 941 F.2d 1529, 1533 (11th Cir. 1991). As the Recommendation notes, the ALJ specifically stated that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Doc. 19 at 4 (citing Tr. 27)). Moreover, the ALJ discussed and reviewed Plaintiff's impairments in the course of determining that Plaintiff's impairments, alone or in combination, did not preclude her from sedentary work with limitations. (Tr. 19-29).

Plaintiff has also failed to establish that the facts of this case mandate remand under Eleventh Circuit law. In Goff, the Eleventh Circuit held that remand is only required when the claimant has established "(1) new, noncumulative evidence; (2) . . . [that] is [so] . . . relevant and probative . . . that there is a reasonable possibility that it would change the administrative result, and (3) [that] there is good cause for the failure to submit the evidence at the administrative level." Goff, 253 F. App'x at 922 (quoting Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir.1986)). Here, Plaintiff has not provided any new evidence that differs from the evidence submitted during the administrative process. Even if she had, however, Plaintiff also fails to show a reasonable possibility that such evidence would change the administrative result. For the foregoing reasons, Plaintiff's objections with respect to the ALJ's alleged failure to consider the combined effect of her impairment are **OVERRULED**.

## CONCLUSION

Accordingly, the objections set forth in Plaintiff's Objection (Doc. 20) are **OVERRULED** and United States Magistrate Judge Langstaff's January 24, 2012 Report and Recommendation (Doc. 19) is **ACCEPTED, ADOPTED** and made the Order of this Court for

3

reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, the Social Security Commissioner's final decision is **AFFIRMED**.

**SO ORDERED**, this  8th  day of March 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**